Hon. James P. Corcoran Superintendent New York State Insurance Department
Your counsel has requested our opinion as to whether section 1213 of the Insurance Law provides the Superintendent of Insurance with authority to accept service of process on unauthorized foreign and alien insurers involved in litigation pending in State and Federal courts outside of New York State.
In order to be authorized to do business in New York State, insurance companies, domestic, foreign and alien alike, must designate the Superintendent of Insurance as an agent upon whom legal process can be served (Insurance Law, § 1212 [a]). A lawsuit against such an authorized insurance company may be commenced in New York State by service of process on the Superintendent of Insurance (ibid.).
Prior to 1949, if a New York resident wanted to commence a lawsuit against an unauthorized insurer — i.e., a foreign or alien insurance company which had not designated the Superintendent of Insurance as an agent for service — he or she was faced with the burdensome task of either commencing the action in a jurisdiction outside of New York State, or obtaining personal jurisdiction over the foreign or alien insurer in New York State. In 1949, the predecessor to current section 1213 was enacted (L 1949, ch 882; then Insurance Law, § 59-a). Current law provides that if an unauthorized insurer carries out certain business activities* in New York State, the insurer effectively appoints New York's Superintendent of Insurance as agent for service of process (Insurance Law, § 1213 [b] [1]). Your question is whether the provisions of section 1213 authorize the Superintendent of Insurance to accept service in litigation pending in Federal and State jurisdictions outside of New York State.
The unambiguous language and legislative history of section 1213 makes clear that section 1213 was intended to ease the burden on New York residents conducting litigation in out-of-state jurisdictions by enabling them to bring suit in New York courts (see Clifton Products, Inc. vAmerican Universal Insurance Co., 169 F. Supp. 842 (SDNY, 1959]). The statement of purpose in section 1213 describes the problem as follows:
 "The legislature declares that it is a subject of concern that many residents of this state hold policies of insurance issued or delivered in this state by insurers while not authorized to do business in this state, thus presenting to such residents the often insuperable obstacle of resorting to distant forums for the purpose of asserting legal rights under such policies. In furtherance of such state interest, the legislature herein provides a method of substituted service of process upon such insurers . . ." (Insurance Law, § 1213 [a]).
As section 1213 further provides, the problem is addressed by making these unauthorized insurers subject to the laws and courts of New York State:
 "The purpose of this section is to subject certain insurers to the jurisdiction of the courts of this state in suits by or on behalf of insureds or beneficiaries under certain insurance contracts" (ibid.).
This purpose is put into effect by section 1213 which provides, interalia, that "service of process upon any such insurer in any such proceeding in any court of competent jurisdiction of this state may be made by serving the superintendent . . ." (id., § 1213 [b] [2]). The balance of section 1213 describes the procedure by which the Superintendent of Insurance gives notice to the unauthorized insurers and certain requirements placed on the unauthorized insurers before they can appear in the action (id., § 1213).
Furthermore, the purpose of section 1213 is borne out by legislative memoranda submitted at the time of its enactment:
 "The purpose of the bill is to enable the insureds or beneficiaries under such insurance contracts to maintain suits thereon in the courts of this State.
. . .
 In order to subject such unauthorized insurers to the jurisdiction of our courts, the bill would provide that certain acts effected in this State by mail or otherwise shall constitute an appointment by such an insurer of the Superintendent of Insurance as agent for the service of process" (April 5, 1949 memorandum of Attorney General Nathaniel L. Goldstein, Legislative Bill Jacket, L 1949, ch 882; see also March 4, 1949 memorandum of Committee of Banking and Insurance, Legislative Bill Jacket, L 1949, ch 882).
Clearly, the purpose of section 1213 is to grant New York courts
jurisdiction over actions against unauthorized foreign or alien insurers doing business in New York. Nothing in section 1213 indicates that the Superintendent may accept service for actions commenced in out-of-state courts. Indeed, the jurisdiction and method of commencing an action in an out-of-state court would be governed by the laws of that jurisdiction, not the laws of New York.
We conclude that section 1213 of the Insurance Law does not authorize the Superintendent of Insurance to accept service of process in litigation pending in courts outside of New York State.
* These are specified in section 1213:
 "(A) The issuance or delivery of contracts of insurance to residents of this state or to corporations authorized to do business therein,
 (B) the solicitation of applications for such contracts,
 (C) the collection of premiums, membership fees, assessments or other considerations for such contracts, or
 (D) any other transaction of business" (Insurance Law, § 1213 [b] [1]).